UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 00-86-B-S |
| | ) |
| JASON STEVENS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter has been referred to me for an order and a recommended decision on Docket Nos. 49 and 50, the pro se Motion for Order of Release of Unconstitutional Incarceration from the Federal Bureau of Prisons and a Motion for Emergency Hearing. I now grant in part the motion for emergency hearing,[1] treating it as a request that I expedite the decision making process in this case, and order that the Government file a comprehensive written response to the pro se motion for release by October 27, 2008. The written response should be accompanied by the necessary documentation that supports the written factual representations contained in the Government's response to the earlier motion (see Doc. No. 47) and it should also contain any relevant case law or regulations relating to the issue of the Bureau of Prisons procedures regarding *in absentia ex parte* disciplinary proceedings involving the revocation of good time allowances when a prisoner has been rearrested and jailed as a result of walking away from a halfway house program. Jason Stevens shall then have until October 31, 2008, to respond to the submitted materials.

---

[1] The motion for emergency hearing is dated October 12, 2008, and was received in this Court on October 15, 2008. In the interim, on October 14, 2008, this Court issued an order denying an earlier motion for an emergency hearing. Since these two motions were specifically referred to me for decision, I have concluded that the Court's earlier ruling was not intended to be dispositive of this motion.

## The Background

On August 10, 2001, Stevens was sentenced in this case to twenty-seven months imprisonment upon his conviction for false or fraudulent claims in violation of 18 U.S.C. § 287, the sentence to be served consecutively to a sentence imposed by this court on May 9, 1999.  Stevens appealed and the Court of Appeals returned its mandate dismissing the appeal on October 30, 2001. On July 9, 2004, Stevens filed a Federal Rule of Criminal Procedure 35 motion to reduce his sentence, citing the United States Supreme Court's decision Blakely v. Washington, 542 U.S. 296 (2004) as the basis for his motion. This court denied his motion on October 13, 2004, with the following endorsement order: "Blakely is not retroactive. Denied." Undaunted by the initial rebuff, Stevens filed a motion pursuant to 28 U.S.C. § 2255 alleging that his constitutional rights were violated because the sentencing judge relied upon facts not charged in the indictment or found by a jury. That petition was denied by this Court on January 12, 2006.  On April 23, 2007, Stevens filed a second motion to reduce sentence which this Court denied on May 24, 2007.

On October 7, 2008, Stevens filed a pro se motion for a hearing and for release (Doc. No. 46) claiming he was being illegally detained.  According to Stevens he had walked away from a halfway house in Portland, Maine on August 29, 2008, with only nine days remaining on his sentence and then about three weeks later he had been apprehended by federal authorities in Canaan, Maine.  Since September 18, 2008, Stevens has been held at the Cumberland County Jail.  Stevens apparently believes he should have been released on or about September 28, 2008, after he had served the nine additional days.  The Government filed an expedited response claiming that Stevens's

"good time" allowances had been administratively revoked on October 9, 2008, although Stevens had not been notified of that fact.  According to the Government, Stevens now has a new release date of December 23, 2008, and the BOP has not yet designated the location where he will be housed.[2]  Based on these representations, the sentencing judge concluded on October 14, 2008, "that the Defendant is not currently subject to an 'illegal detention.'"  (Doc. No. 48 at 2).

These motions were received the following day, and referred to me by the sentencing judge for recommended decision.  The second motion for an order for release does not contain any new factual information nor does it cite any legal authority other than an allegation that the denial of good time was done in a manner contrary to established prison disciplinary procedures and regulations.  I am therefore unable to determine why the court's prior determination that the Defendant is not currently subject to an illegal detention would be subject to challenge in this second motion, unless there were facts or legal authority that would require the Court to revisit its earlier determination, thus my need for the Government's response to the current motion before I can formulate a recommended decision in this case.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Crim.P. 59. ***So Ordered.***

October 16, 2008                              /s/ Margaret J. Kravchuk
                                              U.S. Magistrate Judge

---

[2] Of course, this is a crucial piece of information.  Stevens's petition is in the nature of a motion brought pursuant to 28 U.S.C. § 2241, challenging the conditions of confinement and naming the Bureau of Prisons/Warden as the respondent.  Motions attacking the execution of sentence must be brought in the district of confinement.  See United States v. Glantz, 884 F.2d 1483, 1489 (1st Cir. 1989).  Last I heard, Stevens was sitting in the Cumberland County Jail, thus I assume venue is appropriately found in this Court.